STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY E. GOSNELL,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1226** (BOR Appeal No. 2048465)
                    (Claim No. 2011030510)

**VECELLIO & GROGAN, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Gary E. Gosnell, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Vecellio & Grogan, Inc., by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 6, 2013, in which the Board affirmed a May 23, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 11, 2013, decision which denied a request for a nuclear bone scan with lumbar SPECTs. In its Order, the Office of Judges also affirmed a January 11, 2013, claims administrator's decision which denied a request for a repeat lumbar MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gosnell, a mechanic, was injured in the course of his employment on March 14, 2011, while lifting a jack. The claim was held compensable for unilateral inguinal hernia, other specified sprain/strains, and lumbosacral sprain/strain. Mr. Gosnell was treated by Richard Wiseman, M.D., who noted lower back pain that radiated into the left hip and groin. Dr. Wiseman also noted that Mr. Gosnell had lumbago/sciatica displacement in 2003. A March 24, 2011, lumbar MRI revealed that the lumbar spine has been virtually stable since 2008. Mr.

1

Gosnell had moderate to high grade narrowing of the neural foramina bilaterally at L3-4, narrowing of the neural foramina at L4-5 and L5-S1, and a benign lesion of the left ilium. He was referred to Rajesh Patel, M.D., who diagnosed lumbar sprain, spinal stenosis, lumbar degenerative disc disease, spondylosis of the lumbar spine, and left hip/groin sprain versus L3 radiculopathy. He recommended injections and physical therapy.

William Hoh, M.D., performed an independent medical evaluation on September 10, 2011. He noted that Mr. Gosnell had a prior lower back injury. He was found to be at maximum medical improvement for the compensable injury in this claim. His current symptoms were determined to be the result of degenerative changes. He had a fairly normal examination and a 2011 MRI showed no changes from a prior 2008 MRI. Dr. Hoh noted that Mr. Gosnell reported his symptoms were similar to lower back pain that he had experienced in the past, which suggests a pre-existing cause. Dr. Hoh stated that there was a lack of objective evidence to suggest that the degenerative changes were the result of the compensable injury in this claim and they likely pre-existed the compensable injury. Based upon his evaluation, the claims administrator closed the claim for permanent partial disability and awarded no permanent partial disability award.

A December 23, 2011, lumbar MRI revealed stable bilateral neuroforaminal narrowing and mild central canal stenosis at L3-4, stable right neuroforaminal narrowing at L4-5, stable bilateral neuroforaminal narrowing at L5-S1, and a stable lesion about the left ilium. An x-ray of the left hip was normal. A January 4, 2012, EMG showed a lesion of the left lateral femoral cutaneous sensory nerve consistent with the clinical diagnosis of meralgia paresthetica. There was no evidence of lumbar radiculopathy. Dr. Patel evaluated Mr. Gosnell on October 8, 2012, and requested a nuclear bone scan with lumbar SPECTs and a repeat lumbar MRI for assessment prior to lumbar surgery.

Rebecca Thaxton, M.D., performed two physician's reviews in this claim. On November 27, 2012, she recommended denying the request for a repeat lumbar MRI. She found that Mr. Gosnell had pre-existing lower back pain for which he chronically took Lortab prior to the injury. Also, MRI reports have shown a stable lumbar spine condition since 2008. They have also revealed degenerative changes throughout the lumbar spine. Lastly, she noted that the compensable condition in the claim is a lumbar sprain/strain which has been found to be at maximum medical improvement. Based upon the same reasoning, on November 30, 2012, Dr. Thaxton recommended denying the request for a bone scan with SPECT images. She asserted that a SPECT scan could show a potential cause of Mr. Gosnell's back pain, but the pain would not likely be directly and causally related to the compensable injury.

On January 11, 2013, the StreetSelect Grievance Board recommended denying the request for a nuclear bone scan with lumbar SPECTs and a repeat lumbar MRI. It found that the compensable condition in the claim is a lumbosacral sprain/strain that has reached maximum medical improvement with no permanent impairment. Also, Mr. Gosnell has a history of pre-existing lower back pain. Further, the requested treatment is for pre-existing degenerative changes. The claims administrator thereafter denied the request for a nuclear bone scan with lumbar SPECTs and a repeat lumbar MRI in separate January 11, 2013, decisions.

The Office of Judges affirmed the claims administrator's decisions in its May 23, 2013, Order. It found that the compensable condition in the claim is a lumbar sprain/strain. West Virginia Code of State Rules § 85-20-37.5 (2006) provides that a sprain/strain should normally heal in no more than eight weeks. Per West Virginia Code of State Rules § 85-20-4.1 (2006), there may be extraordinary cases that require treatment beyond the normal timeframe; however, the Office of Judges found that Mr. Gosnell has not provided evidence that this is an extraordinary case. Further, the Office of Judges determined that the evidence of record shows that the requests for treatment are necessitated by non-compensable conditions. In Dr. Patel's treatment request, he indicated that Mr. Gosnell had a lumbar disc protrusion, a lumbar sprain, lumbar radiculitis, a labral tear of the hip, and lateral recess narrowing at L3-4. Dr. Patel further stated that he may require surgery at L3-4 and that the requested diagnostic tests are necessary to rule out or confirm problems at other levels to determine what is to be addressed during surgery. Therefore, the Office of Judges concluded that the requested diagnostic tests are not necessary for the treatment of the compensable injury. It stated that its finding was supported by the reports of Drs. Thaxton and Hoh. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its November 6, 2013, decision.

On appeal, Mr. Gosnell argues that he has submitted the appropriate medical evidence from his treating physicians to show that the requested diagnostic tests are necessary for the treatment of his compensable injury. Vecellio & Grogan, Inc., asserts that the requested diagnostic tests are for the treatment of pre-existing, non-compensable conditions and therefore should not be authorized. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Gosnell sustained a sprain/strain as the result of his compensable injury and has since reached maximum medical improvement. The requested diagnostic tests are for the treatment of non-compensable, pre-existing conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** December 3, 2014

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

3